## BEN GOSS v. THE STATE.

1. It is error in a felony case for the district judge, after the jury has retired, to alter his charge without the consent of the defendant, and for such error alone the case is reversed.

2. In prosecutions for rape, where the testimony of the injured party is unsupported by other evidence, it weakens her credit, but how far she is to be believed is left to the jury.

APPEAL from Titus. Tried below before the Hon. James H. Rogers.

Ben Goss was indicted, tried and convicted for an assault with intent to commit rape, and punishment fixed at two years confinement in the penitentiary.

The facts sufficiently appear in the opinion of the court.

*Johnson & Miner,* for appellant, cited Pas. Dig., Arts. 3046, 3047, 3059, 3060, 3069, 3079; Tapolanck v. The State, *ante,* 160.

*Crawford & Crawford* and *D. B. Culberson,* also for appellant, cited Pas. Dig., Arts. 3067, 3059, 1464, Notes 562, 216, 279; Arts. 3075, 3077, 3078, 3079, Code Procedure; Wharton, title Rape; 3 Greenl. Ev., 212; 6 Cal., 221, People v. Benson; Pefferling v. The State, *ante,* 486; Sutton v. The State, 6 English, Ark., 331.

*Geo. Clark, Attorney-General,* for the State.

*Penn & Todd,* also for the State, cited 14 Ga. R., 58, 69; 42 Ga. R., 474, Innis v. The State.

REEVES, ASSOCIATE JUSTICE.—It appears from one of the bills of exception taken by appellant, that on the twenty-first day of March, 1874, this cause was submitted to the jury under the charge of the court, and that two days thereafter the jury returned and made

known to the court that they could not agree on a verdict, stating that they did not disagree as to any matter of law.

As shown by the bill of exception, the court on its own motion and without the consent of counsel for defendant withdrew from the jury and revoked one of the charges given at the request of the defendant on the twenty-first of March, in substance that the jury could not convict the defendant on the testimony of the prosecutrix alone, without proof of corroborating circumstances by other witnesses, and on the twenty-fourth of March proceeded to charge the jury, "that there was no rule of law which imperatively demanded that the prosecutrix should be corroborated in her evidence whether she has been supported by other witnesses, or facts and circumstances in her evidence, or not." This action of the court is assigned for error, and also that the court erred in the law as given in the additional charge. Article 3059 of the Digest provides, "after the argument of any criminal cause has been concluded the judge shall deliver to the jury a written charge, in which he shall distinctly set forth the law applicable to the case," etc. Article 3067 refers to Article 3059, and to certain other articles there mentioned, and provides that any departure from these requirements shall be cause for reversing the judgment, if excepted to at the time of trial. And by Article 3079, "the jury after having retired may ask further instruction of the judge touching any matter of law, which shall be given them in writing; but no charge shall be given except upon the particular point on which it is asked." By Article 1464, "after argument of a cause the judge may deliver a charge to the jury on the law of the case," under the following, among other restrictions: "No judge shall in any cause make any further charge, unless on the application of the jury, or a party or his counsel."

We think there was error in the action of the court in this respect, for which the judgment will be reversed.

The Legislature having prescribed the rule on the subject, the courts are not at liberty to disregard it. The remedy is to be found in the exercise of the right to grant a new trial after conviction, if the law applicable to the case had not been charged at the time and in the manner required by law.

If there is any exception to the rule, it is not suggested by this case.

It was not denied that the prosecutrix was a competent witness, but the question before the court seems to have been whether a conviction could be had upon her evidence alone, unsupported by the testimony of other witnesses. It appears that she made complaint soon after the transaction, and that the accused was thereupon arrested. He staid at Garrett's house the night before the offense is alleged to have been committed, and was at the cabin of the witness Upchurch, near by, on the evening of the occurrence, as shown by the evidence. The witness William Harris proves that Mrs. Garrett handed her husband the note which she says the defendant wrote to her husband and requested her to deliver.

These circumstances and others corroborating her testimony were in proof before the jury, and they were authorized to consider them as giving probability to her statements.

Where the testimony of the injured party is unsupported by other evidence it weakens her credit, but how far she is to be believed is left to the jury. The evidence must be sufficient to satisfy the jury of the guilt of the accused, giving him the benefit of the doubt as in other cases, and no more than that is required, whether she is supported by other witnesses or not. The verdict of the jury would be subject to the action of the court on a motion for a new trial where the court should be of opinion

that the verdict was against and contrary to the evidence, as in other cases of conviction.

"The party ravished," says Lord Hale, "may give evidence upon oath, and is in law a competent witness, but the credibility of her evidence and how far she is to be believed must be left to the jury, and is more or less credible according to the circumstances of fact that may concur in that testimony."

This authority is generally referred to in treatises on crimes, or the law of evidence in criminal cases, as a sound exposition of the law. (Roscoe's Criminal Evidence, 808; 3 Greenleaf's Evidence, 212; 1 Russell on Crimes, 688; 2 Wharton's American Criminal Law, 1149.)

In view of the evidence in the case there is no such error in the charge itself, complained of by the appellant, as would cause a reversal of the judgment if it had been given at the proper time.

There were other objections made during the trial and presented by the bills of exception, but as the case will have to be reversed on the other ground noticed in the opinion, the objections may be obviated on another trial, and need not now be considered.

For the reason indicated in the opinion the judgment is reversed and case remanded for further proceedings.

REVERSED AND REMANDED.