## W. L. GRANGER *v.* THE STATE.

1. CHARGE OF THE COURT when read to the jury must be filed, and from that time constitutes a part of the record in the cause. Its alteration or amendment without the consent of the defendant is such error as will necessitate reversal of a conviction.

2. SAME.— When additional instructions are allowed to be given at the request of the jury, they can only be given when the defendant is present in court.

3. SAME.— The court, of its own motion, altered its charge in the absence of the defendant and without his knowledge or consent; of which action he complained in his motion for new trial. *Held,* that whether or not the alteration was material, the action of the court was error.

4. SAME.— *Alibi* being the defense interposed, the court below erred in failing to charge sufficiently the law on that issue.

APPEAL from the District Court of Bandera. Tried below before the Hon. T. M. PASCHAL.

The appellant was charged by indictment with the theft of one head of neat cattle, on the 1st day of July, 1879. The possession of the animal was alleged to be in J. L. McKeen. The jury found defendant guilty, and fixed the punishment at a term of two years in the penitentiary.

The substance of the testimony of McKeen, for the State, was that he left his house to go to the post office,

on the 3d day of July, 1879, and when near Cherry Springs, about two and a half miles from home, he heard a gun fired, and presently saw a number of Mr. Smith's cattle running from the direction of the shot. He rode in the direction of the report, and came upon the defendant, sitting on the body of a calf which had just been shot through the head. When the defendant saw the witness he ran to his horse, which was tied near by, but as he could not untie the horse readily, he fled on foot. The witness went on to the post office, and on his return stopped again at the scene of the shooting, and found only the hide, head and feet of the animal. He took the hide home with him. The animal belonged to a Mr. Smith, but, with other of Smith's cattle, was in the witness's charge. It was about two o'clock, P. M., on the 3d day of July, 1879, when the witness discovered the defendant sitting on the body of the calf.

The testimony for the defense on the question of *alibi,* which was the only defense interposed, located the defendant at the house of a Mrs. Simpson, a distance of nine miles from McKeen's, at two o'clock on the 3d day of July, 1879.

*H. C. Duffy, R. H. Burney* and *W. W. Martin,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. When the charge which is given by the court is read to the jury, it is required to be filed and from that time constitutes part of the record in the cause. Code Crim. Proc. art. 680. It cannot be altered or amended in any manner without the consent of the defendant. To do so constitutes error requiring a reversal. *Goss* v. *State,* 40 Texas, 520; *Garza* v. *State,* 3 Texas Ct. App. 286; *Boothe* v. *State,* 4 Texas Ct. App. 202. Even where addi-

tional instructions are allowed to be given at the request of the jury [Code Crim. Proc. art. 696], the statute declares that "the defendant shall be present in court." Code Crim. Proc. art. 698.

In the case before us the defendant was not only not present when the court of its own motion altered the charge, but he objected to the action of the court in that regard in his motion for a new trial, and insists upon the error on this appeal. It is not a question as to the materiality or immateriality of the alteration as made, but the question is, was the record altered without the knowledge, presence, and consent of defendant? If so, the action is wrong, and to overlook or permit it in immaterial, or what might be deemed unimportant matters might establish a precedent which could be availed of to excuse injustice and wrong in matters of the gravest import.

No other defense than that of an *alibi* was claimed by defendant. The charge of the court wholly fails to present the law sufficiently as to this issue, as it should have done. *Deggs* v. *State*, 7 Texas Ct. App. 359; *McGrew* v. *State*, 10 Texas Ct. App. 539. For the errors noticed, the judgment is reversed and the case remanded.

*Reversed and remanded.*