## TIMOTEA FLORES v. THE STATE.

### No. 2103. Decided October 18, 1899.

**1.  Statement of Facts—Approval and Filing.**

The trial judge has no authority to approve a statement of facts after term time without a previous order allowing time not exceeding ten days for making up and filing the same after adjournment; and the clerk has no authority to file a statement of facts as of term time which was made up after adjournment.

**2.  Perjury—Instructions—Absence of Statement of Facts.**

On a trial for perjury, where there is no statement of facts in the record which can be considered, the court upon appeal can not determine the applicability of requested instructions which necessarily depend upon the testimony adduced.

**3.  Charge of Court—Correction of by Court After Reading and Filing.**

Under the law as aforetime (Paschal's Digest, article 1464) the trial judge could not make any further charge after he had once given his charge to the jury unless on the application of the jury, the party, or his counsel. This is not now the law. Under the present law the court may of its own motion recall the jury and correct any error of omission or commission in the charge before verdict is rendered. A contrary doctrine announced in Granger v. State, 11 Texas Criminal Appeals, 455, is overruled.

**4.  Same.**

On a trial for perjury where, after the court had charged the jury and they had retired, the court ascertained that on account of a recent change in the law as to the penalty for said offense he had committed an error in charging the penalty as prescribed in the old law, Held, it was not only proper but the court's duty to recall the jury and correct the charge as to the penalty.

APPEAL from the District Court of Webb. Tried below before Hon. A. L. McLANE.

Appeal from a conviction of perjury; penalty, four years imprisonment in the penitentiary. No statement necessary.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of perjury, and given four years in the penitentiary.

Court adjourned on July 29, 1899  The statement of facts was approved on July 31st, and the clerk filed same as of term time. The clerk has no authority to do this when same has been approved subsequent to adjournment. If there had been an order to that effect,—which was not the case,—the statement of facts should have been filed, if properly approved, at any time within ten days subsequent to the adjournment. If the statement of facts was filed during the term, as shown by the file mark, then the statement can not be considered for another reason: The judge has no authority to approve a statement of facts after term time, except when an order has been entered authorizing the making up and filing of the statement of facts after such adjournment. If in fact the court signed and approved the statement of facts on the 31st of July, it was subsequent to the adjournment. So in either event this

statement of facts can not be considered. There is no attempt at explanation in the record of these matters.

The court was requested to charge the jury that "it is not perjury when a false statement is made through inadvertence or under agitation or mistake. If, therefore, the jury believe from the evidence the defendant did make the false statement charged, but that the same was made under agitation of mind produced by a fit of anger, then you must acquit. You must find from the evidence that the false statement was deliberately and willfully made, before you would be authorized to convict, and unless you so believe, you will acquit." Whether it was to the disadvantage of the defendant that these charges were refused would depend upon the testimony. If the statement was made in anger, it showed a purpose and an intent to testify falsely. The evidence was delivered by her in examination of a charge, wherein the parties whom she was testifying against were on trial, in regard to a burglary. If she went before the court and testified against them, to incriminating facts, because she was angry with and seeking to revenge herself on them, the statements were deliberately and willfully made. The other matters about which the charge was asked were not necessarily fatal omissions. As before stated, that would depend largely upon the testimony. If it was clear and conclusive that the statements were deliberately made, we could hardly see how the omission to caution the jury with reference to those questions would require a reversal, or how she could have been injured. If the question arose under the facts as to whether these statements were made through inadvertence or mistake, or under agitation, or whether they were deliberately and willfully made, the court should unquestionably have presented this phase of the law. But the applicability of charges depends upon the testimony adduced upon the trial, and the evidence is not before us, and may have demonstrated the statement to have been willfully and deliberately made. As presented, we see no error in the refusal of the court to give these charges.

The jury, after receiving the charge of the court, retired to consider of their verdict. After their retirement the district attorney suggested to the court that his charge was erroneous in stating the minimum punishment, in that he informed the jury to assess said punishment, if they should find her guilty, "at confinement in the penitentiary not less than five nor more than ten years." The court recalled the jury and changed this part of the charge, and informed them that such punishment would "not be less than two nor more than ten years," in accordance with the recent statute changing the minimum punishment from five to two years. It is contended by appellant in her bill of exceptions that this was without authority, and prejudicial to her rights. We do not concur in this contention. She is not without authority to sustain this proposition under the previous decisions of this court. In Granger v. State, 11 Texas Criminal Appeals, 455, it was said that, "when the charge which is given by the court is read to the jury, it is required to be filed, and from that time constitutes a part of the record in the case." Article 680 of the Code

of Criminal Procedure, as it was then numbered, was cited in support of that statement, which article is now 718 of the Code of Criminal Procedure. It was further stated that said charge after being read and filed, "can not be altered or amended in any manner without the consent of the defendant. To do so constitutes error requiring a reversal." And in support of this statement counsel cites Goss v. State, 40 Texas, 520; Garza v. State, 3 Crim. App., 286; Boothe v. State, 4 Texas Crim. App., 202. The latter-cited authorities are based upon article 1464, Paschal's Digest, which reads as follows: "All charges and instructions, whether given by the judge of his own accord or upon the request of counsel or parties, may be carried from the bar by the jury in their retirement; and no judge shall in any case make any further charge, unless on application of the jury, or the party, or his counsel." See Garza v. State, supra. And such was the statute at the time of the rendition of the cases cited, except Granger v. State, supra. The Revised Statutes of 1879 repealed this article by omitting it, and it is no longer the law, and was not the law when the Granger case was decided. Therefore the cases cited in support of the Granger case had no application. This oversight doubtless arose from the fact that the matter was not called to the attention of this court in the Granger case. Nor do we think the Granger case laid down the correct rule,—that, because the charge was a file paper, therefore it could not be corrected after being filed. Of course, it could not be corrected after the jury had returned their verdict. But our statute provides that, when the evidence is admitted and the argument concluded, the court shall deliver a written charge, which shall be filed with the papers, after being read to the jury, and they shall carry this charge with them in their retirement. It also provides that the jury may return into court and ask further instructions of the court in answer to some question they may propound to him in regard to the case. Now, if the court could not change the charge, as given, because it was a file paper, he could not do so even in answer to the questions of the jury. Suppose, instead of the court recalling the jury and changing the punishment so as to give the correct one, the jury had returned into court and propounded the question to the court as to the correctness of the charge in stating the punishment. Unquestionably, under the statute, he would have had the authority to have changed his charge,—at least he would have been authorized to give an additional charge correcting that portion of the charge which had misstated the punishment. Again, it is a rule well settled, and we believe justly, that the appellant may reserve a bill of exceptions to any portion of the charge of the court at any time prior to the return of the verdict into open court. This has been the settled rule in Texas at least since McCall v. State, 14 Texas Criminal Appeals, 353, and Phillips v. State, 19 Texas Criminal Appeals, 158. If this rule is a sound one, then it would seem to us to be correct that when these exceptions are reserved to the charge, and considered by the court to have merit in them, the jury should be recalled, and the charge

corrected so as to properly present the law. The office of the exceptions to the charge, as we understand it, under the rule above stated, is to point out real or supposed errors in that instrument, and thus enable the court to correctly frame his charge. The rule in civil and criminal cases in reference to this matter is entirely different, and made so by statute. In civil cases charges are considered excepted to, whereas in criminal cases they are not. This was true; as we understand it, even when article 1464, Paschal's Digest, was in force. We are not discussing now the effect of these exceptions, or a failure to except under the old or present law.

It is contended by appellant that by this action of the court her rights were taken away from her, or that she was thereby seriously injured. We are not aided by brief of appellant's counsel, nor are we informed wherein her rights were injured. We do not think the statute accords the right to a party accused of crime to have the court erroneously state the law. His rights, on the other hand, are found in the constitutional guaranty of a fair trial under the laws of the land; and it is only when his rights are invaded with more or less cogency that he is justified in asking a reversal on appeal, or new trial in the court a quo. If the charge had remained as originally written, with the minimum punishment as therein stated,—five years,—she would have had a serious cause of complaint, because the law as it now is fixes the minimum punishment at two years in the penitentiary. We can not concede that appellant had a legal right to have the charge remain as originally illegally stated. Finding no such error as requires a reversal, the judgment is affirmed.

*Affirmed.*