WILLIAM WALKER v. THE STATE.

No. 3492.    Decided October 10, 1906.

**Robbery—Statement of Facts—Nunc Pro Tunc Filing.**

Upon an appeal from a conviction of robbery, where the record was silent as to laches on the part of any one, but merely showed an agreement to file the statement of facts back within the twenty days after the adjournment of the term of court, the same could not be considered. There is no rule or statute authorizing a statement of facts to be filed nunc pro tunc.

Appeal from the District Court of Lavaca. Tried below before the Hon. M. Kennon.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.—Lewis v. State, 1 Texas Ct. Rep., 170.

BROOKS, JUDGE.—Appellant was convicted of robbery and his punishment fixed at confinement in the penitentiary for a term of ten years. The term of court at which this trial occurred convened on March 12, 1906, and adjourned on April 7, 1906. We find in the record a letter from the trial judge to the district clerk, dated April 28, 1906, in which the judge states that Mr. Atkinson, the district attorney, had agreed that the statement of facts could be filed back as within the twenty days after the adjournment of the term. The file mark on the statement of facts reads, as follows: "Filed as of the 26th day of April, 1906, by order of the court, this April 30, 1906." There is no rule or statute authorizing a statement of facts to be filed nunc pro tunc. If there has been some laches on the part of the district judge depriving appellant of the right to have the state-

ment of facts filed within the twenty days, where an order to that effect has been entered, then, under the decisions, the statement of facts can be considered upon proper showing of those facts. But this record is silent as to laches on the part of any one. There is merely evidence of an agreement to file the statement of facts back within the twenty days after the adjournment of the term of court, without any legal basis for doing so. Under this condition the statement of facts cannot be considered. Lewis v. State, 1 Texas Ct. Rep., 170. In the absence of the facts, there is no complaint in the record that can be reviewed. The judgment is accordingly affirmed.

*Affirmed.*