### R. J. VICKERS v. THE STATE.

No. 6530. Decided December 21, 1921.

Rehearing denied January 25, 1922.

**1.—Burglary—Statement of Facts—Filing—Practice on Appeal.**

A statement of facts which was not filed in the trial court until after the expiration of 90 days from adjournment cannot be considered on appeal. ·Following Maxwell v. State, 69 Texas Crim. Rep., 248, and other cases.

**2.—Same—Bills of Exception—Rule—Practice on Appeal—Time of Filing.**

Where the bills of exception were not filed in time, but even if considered present no error, the judgment of conviction must be affirmed.

**3.—Same—Rehearing—Statement of Facts—Practice on Appeal.**

Where a statement of facts is not filed within the 90 days, it cannot be considered on appeal, and where the record shows that there was ample time to have authenticated the document and file the same, the same cannot be considered here, as it is not within the province of this court to arbitrarily extend the time within which the law permits the statement of facts to be filed. Following Riojas v. State, 36 Texas Crim. Rep., 182, and other cases.

**4.—Same—Executive Clemency—Executive Clemency—Juvenile**

The statement of counsel that the accused is a youth whom the facts show to be innocent of the crime, while it elicits the sympathy of the court cannot avail here, and if said interpretation is correct, it might receive favorable attention for executive clemency.

Appeal from the District Court of Coleman. Tried below before the Honorable J. O. Woodward.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*T. H. Strong,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of time of filing statement of facts: Hart v. State, 218 S. W. Rep., 1054.

HAWKINS, JUDGE.—The statement of facts was not filed in the trial court until after the expiration of 90 days from adjournment. This was too late. Maxwell v. State, 69 Texas Crim. Rep., 248, 153 S. W. Rep., 324. Counsel for appellant has filed affidavits purporting to excuse him for failure to file in time. Counter affidavit from the court stenographer has been filed by the State. To pass upon the ·question in the instant case it is not necessary to determine the controversy between them. The statement of facts was delivered to appellant's counsel not later than August 5th, in ample time to have had

90 T. C.—39

the same approved and filed within the 90 days. Two companion cases involving the same facts were tried about the same time as appellant, and counsel, after receiving the statement of facts from the stenographer, held it for the purpose of himself preparing statement of facts in the other two cases. It could have been secured from the clerk after filing for that purpose. We cannot conclude that appellant has been deprived of statement of facts without fault chargeable to him.

The bills of exceptions were not filed in time either. But they present no errors if considered. One complains of the court's charge in some particulars, but the record shows no objections thereto filed or exceptions taken before the charge was read to the jury. The other complains because the court would not permit appellant to show that since appellant was arrested other burglaries had been committed in the same town where the one appellant is charged with was committed. The relevancy of this testimony is not made apparent from the bill. As the record must be considered by us, no errors are shown.

The judgment of the trial court must be affirmed.

*Affirmed.*

### ON REHEARING.

### January 25, 1922.

MORROW, PRESIDING JUDGE.—The term of the District Court at which the appellant was tried adjourned May 13th. Ninety days thereafter were allowed in which to file the statement of facts. This extension ended on August 12th. The statement of facts was not filed until August 13th. It was in possession of appellant's counsel on August 5th. Appellant's counsel resided at Coleman, the district attorney at Brownwood. The towns were connected by railroad, and the distance thirty miles.

If it be granted that there was undue delay upon the part of the stenographer in preparing the statement of facts, it cannot be denied that it came to the possession of appellant's counsel six days before the law required it to be filed. The record is bare of facts to show that these six days were not ample within which, by the exercise of diligence, the document could have been authenticated and filed. It is not within the province of this court to arbitrarily extend the time within which the law permits the statement of facts to be filed. The law fixing the limit is binding alike upon the appellant, his counsel, and this court. The authority exists to prevent the accused who desires to appeal from suffering the consequences of misfortune which prevents his filing his papers in time, but the law demands of him diligence and gives this court no authority to relieve him from the consequences of his own laches. This is illustrated in the case of Riojas v. State, 36 Texas Crim. Rep., 182, in which the bill of exceptions reach the judge in time but was by him misplaced and not filed

until after the time allowed by law had expired. The court said:

"While it seemingly was neglect on the part of the judge not to approve and file the bill of exceptions, it was the duty of counsel to follow up his bill, and see that it was approved by the judge during the term, and filed with the clerk. This is statutory. See George v. State, 25 Texas Crim. App., 229; Exon v. State, 33 Texas Crim. Rep., 461."

This rule is emphasized by its repeated application and enforcement. See Richardson v. State, 71 Texas Crim. Rep., 111; King v. State, 82 Texas Crim. Rep., 145; Carpenter v. State, 83 Texas Crim. Rep., 87; Stanford v. State, 42 Texas Crim. Rep., 343; Pollard v. State, 45 Texas Crim. Rep., 121; Sullivan v. State, 62 Texas Crim. Rep., 410, and other examples might be cited.

The statement of counsel in his motion for rehearing that the accused is a youth whom the statement of facts shows to be innocent of the crime cannot fail to elicit sympathy. We have not read the statement of facts which the law forbids it to consider would amount fail to attract favorable attention of the branch of the government in whose hands is placed the beneficent power of clemency. For this court, upon such grounds, to arbitrarily annul the conviction upon statement of facts which the law forbids it to consider would amount to nothing less than a usurpation of authority.

We are constrained to overrule the motion, and it is so ordered.

*Overruled.*