JOHN CLAMPITT v. THE STATE.

No. 7809.    Decided June 20, 1923.

Rehearing denied December 12, 1923.

1.—Statement of Facts—Bills of Exception.

Where the statement of facts and bills of exceptions were filed after the time for said filing had expired, they cannot be considered on appeal.

2.—Same—Diligence Demanded—Practice on Appeal.

The settlement of the record is left by law in the hands of the court and the attorneys who tried the case, and diligence is demanded, and where the delay is due to the lack of diligence on the part of the appellant, he cannot be protected by this court.  Following Vickers v. State, 90 Texas Crim. Rep., 609, and other cases.

3.—Same—Rehearing—Practice on Appeal.

This court after reconsidering the exclusion of the statement of facts and the bills of exception finds no error;  however, even if they should be considered they present no error, and the acts justifying the verdict, there is no reversible error.

Appeal from the District Court of Red River.    Tried below before the Honorable Ben H. Denton.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Travis T. Thompson*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of two years.

The adjournment of court took place on the 5th of January.  The statement of facts was filed on the 11th day of April following. The time allowed by the order of the court in which to file the statement of facts expired on April 4th.  The State's objection to the consideration of the statement of facts must be sustained.  The same condition applies to the bills of exception.

In an affidavit filed by appellant's attorney, it is revealed that the bills of exception and statement of facts were sent in the mail from Clarksville, Texas, addressed to the District Attorney at Paris, Texas, a distance of thirty miles; that there were several trains which, in the ordinary course, would have carried the mail promptly and enabled the documents to have reached the District Attorney on the day that

they were mailed. It was unfortunate that the documents were filed too late. The settlement of the record is left by law in the hands of the court and the attorneys who tried the case, and diligence is demanded. Where the delay is not due to a lack of diligence upon the part of the appellant, this court has power to protect him against injury in the event he is deprived of a statement of facts or bill of exceptions; where the delay is due to his want of diligence, the contrary is true. The time for filing the statement of facts and bills of exception, and the diligence required, have often been made the subject of discussion by this court. See George v. State, 25 Texas Crim. App., 229; Exon v. State, 33 Texas Crim. Rep., 461; Richardson v. State, 71 Texas Crim. Rep., 111; King v. State, 82 Texas Crim. Rep. 145; Carpenter v. State, 83 Texas Crim. Rep., 87; Stanford v. State, 42 Texas Crim. Rep., 343; Pollard v. State, 45 Texas Crim. Rep., 121; Sullivan v. State, 62 Texas Crim. Rep., 410; Vickers v. State, 90 Texas Crim. Rep., 609.

As the record appears before us, we are constrained to regard this court unauthorized to consider the bills of exception or statement of facts. In the absence of these, there is nothing presented for review.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

December 12, 1923.

HAWKINS, JUDGE.—Appellant earnestly insists that his bills of exception and statement of facts should have been considered. We regret that our views do not coincide with his, but in order to ascertain if perchance any injury had resulted to him from our refusal to consider them we have examined them and find that the bills as qualified by the learned trial judge present no error, and the facts amply justified the verdict.

The motion for rehearing is overruled.

*Overruled.*