WILL WILLIAMS V. THE STATE.

No. 10538.   Delivered January 5, 1927.

Rehearing denied November 16, 1927.

1.—Transporting Intoxicating Liquor — Statement of Facts — Filed Too Late—Cannot Be Considered.

Appellant's statement of facts show to have been filed more than ninety days after he gave notice of appeal, and cannot be considered because filed too late.

2.—Same—Bill of Exceptions—Qualification of Court—Controls.

Numerous bills of exception appear in this record, all of which were qualified by the court, and accepted by appellant as qualified.   They present no errors in the light of the court's qualifications.

ON REHEARING.

3.—Same—Statement of Facts—Failure to File—Explanation Insufficient.

On rehearing appellant presents that his failure to file his statement of facts in time was due to the sickness of his counsel.   It appears from his statement that seventy-two days elapsed between the notice of appeal given and the date that his counsel became ill.   This does not excuse his failure to file in time.

Appeal from the District Court of Montgomery County.   Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*M. E. Gates* and *W. B. Browder* of Huntsville, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Montgomery County of transporting intoxicating liquor, punishment one year in the penitentiary.

Appellant's motion for new trial was overruled on May 20, 1926, at which time he gave notice of appeal.   The statement of facts shows to have been filed in the court below on August 28, 1926.   This was more than ninety days after the giving notice of appeal.   The statement of facts cannot be considered because filed too late.

There are ten bills of exception, each of which appears to have been qualified by the trial court in such manner as that

same presents no error.   A discussion of any of said bills will be pretermitted.   Many of them present questions which could not be appraised by us in the absence of statement of facts. Each and all of the others are complaints rendered entirely ineffectual by the qualifications put thereon by the court and accepted by the appellant.

Finding no error in any of the bills, the judgment will be affirmed.                                                *Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant admits that the statement of facts was not filed in time, but attempts to make a showing of facts sufficient to excuse the failure to have such statement of facts filed.   This contention in the motion is made to rest upon the sickness of appellant's counsel.   The motion for new trial herein appears to have been overruled on May 20, 1926.   It is shown that appellant's counsel became ill about the 1st of August thereafter.   We thus have seventy-two days elapsing in which no effort appears to have been made to secure the filing of the statement of facts.   The showing of illness is that appellant's attorney had influenza.   It is shown further that appellant's attorney directed his stenographer to send the papers to the District Judge for his approval. A carbon copy of the letter written by the stenographer to the District Judge, of date August 17, 1926, is attached to the motion for rehearing.   Examining said carbon copy, we observe that same nowhere refers to the sending of any statement of facts, but mention is only made therein of the bills of exception. When the statement of facts reached the District Judge is not shown.   We regret that we are unable to agree with appellant as to the sufficiency of the showing made.

The motion for rehearing will be overruled.   *Overruled.*