TOM CHISHOLM AND JOHN DYBALL V. THE STATE.

No. 11452.    Delivered November 30, 1927.

Rehearing denied January 11, 1928.

1.—Assault to Murder—No Statement of Facts—Nor Bill of Exceptions.
    This record is without a statement of facts, or bill of exceptions and no error appearing, is affirmed.

ON REHEARING.

2.—Same—Statement of Facts—Bills of Exception—Time for Filing—
    Rule Stated.

Where time has been granted by the trial court in which to file statement of facts and bills of exception, and such time has expired, the trial

court is without authority to grant further time.   See Art. 760, C. C. P.;
Art. 2245, R. C. S.

### 3.—Same—Filing Nunc Pro Tunc—Not Authorized.

After the expiration of the time granted in which to file statement
of facts and bills of exception, the trial court cannot make an order
directing that they be filed nunc pro tunc.   See Wertheimer v. State, 75
Tex. Crim. Rep., and other cases cited on rehearing.

### 4.—Same—Continued.

Whenever a statement of facts has been filed after the time pre-
scribed by law, and the party filing same shall show to the satisfaction of
the *appellate court* that his failure to file in time was not the result of
any lack of diligence on the part of appellant or his counsel, the appellate
court shall permit said statement of facts to remain a part of the record
and consider same in the hearing and adjudication of said cause.   See
authorities cited, supra.

### 5.—Same—Continued.

The facts upon which reliance is had to excuse an apparent failure
to file within time must be produced before this court before it can deter-
mine the propriety of considering such record.   The discretion vested in
the appellate court under such circumstances cannot be exercised by the
trial court.   See Clampitt v. State, 96 Tex. Crim. Rep. 148, and other
cases cited on rehearing.

Appeal from the Criminal District Court of Harris County.
Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction for an assault with intent to mur-
der, penalty five years in the penitentiary.

The opinion states the case.

*C. E. Smith* of Houston, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with
intent to murder; punishment fixed at confinement in the peni-
tentiary for five years.

The indictment appears regular.   The record is before us
without bills of exceptions or statement of facts.   No funda-
mental error having been perceived or pointed out, the judg-
ment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for new trial was
overruled on the 4th day of June, 1927.   No order was then
made granting extension of time for filing statement of facts

and bills of exception beyond the thirty days allowed by law.
(Art. 760, C. C. P.)    After the expiration of the thirty days an
order granting sixty days from adjournment of court was made.
It is not necessary to pass upon the effect of this order by reason
of its having been made after the thirty days allowed by law
had expired.    Court adjourned on the 30th day of July.    The
judgment having been heretofore affirmed in the absence of
a statement of facts and bills of exception appellant now asks
consideration of a statement of facts and bills which were
not in fact filed in the court below until the 29th day of Novem-
ber.    In the supplemental transcript now on file appears an order
of the judge made on said 29th day of November, which recites:

"Whereas, it has been made known to me that the statement
of facts and bills of exception have not been filed in the above
entitled and numbered cause, and whereas, good and sufficient
reason having been shown me for the failure to file them within
the allowed time, it is therefore ordered that the bills of excep-
tion and statement of facts be filed, nunc pro tunc."

Appellant apparently rests his request that we now consider
the record upon the above order.    He brings before this court
no facts upon which he seeks to predicate excuse for lack of
diligence in filing his record within the time limit allowed by
law, and the record gives this court no information of the
facts upon which the trial judge predicated the order referred to.

Art. 2245, R. C. S., reads as follows:

"Whenever a statement of facts has been filed after the time
prescribed by law, and the party tendering the filing of same
shall show to the satisfaction of the appellate court that he has
used due diligence to obtain the approval and signature of the
judge thereto, and to file the same within the time prescribed
by law for filing the same, and that his failure to file the same
within said time is not due to the fault or laches of said party
or his attorney, and that such failure was the result of causes
beyond his control, the appellate court shall permit said state-
ment of facts to remain as part of the record and consider the
same in the hearing and adjudication of said cause the same
as if said statement of facts had been filed in time."

It has been held that statements of fact and bills of excep-
tion can not be dated back even though done by agreement of
the parties and with the consent of the trial judge, and also
that the trial judge has no authority to direct a *nunc pro tunc*
filing of them.    Wertheimer v. State, 75 Tex. Crim. Rep. 356,
171 S. W. 224; Gowan v. State, 73 Tex. Crim. Rep. 222, 164
S. W. 6; Campbell v. State, 65 Tex. Crim. Rep. 418, 144 S. W.

966; Sandifer v. State, 63 Tex. Crim. Rep. 361, 139 S. W. 1115; Shrewder v. State, 62 Tex. Crim. Rep. 403, 136 S. W. 1200; Walker v. State, 50 Tex. Crim. Rep. 317, 96 S. W. 927; Henderson v. State, 50 Tex. Crim. Rep. 604, 101 S. W. 167; Flores v. State, 41 Tex. Crim. Rep. 166, 53 S. W. 346; Croomes v. State, 40. Tex. Crim. Rep. 672, 51 S. W. 924; Spillman v. State, 39 Tex. Crim. Rep. 379, 46 S. W. 233; Bryant v. State, 35 Tex. Crim. Rep. 394, 36 S. W. 79; Spencer v. State, 25 Tex. Crim. Rep. 583, Hinton v. State, 95 Tex. Crim. Rep. 3, 252 S. W. 525. In Vickers v. State, 90 Tex. Crim. Rep. 609, 236 S. W. 483, it was said:

"It is not within the province of this court to arbitrarily extend the time within which the law permits the statement of facts to be filed. The law fixing the limit is binding alike upon the appellant, his counsel, and this court. The authority exists to prevent the accused, who desired to appeal from suffering the consequences of misfortune which prevents his filing his papers in time; but the law demands of him diligence, and gives this court no authority to relieve him from the consequences of his own laches."

The facts upon which reliance is had to excuse an apparent lack of diligence must be produced before this court before it can determine the propriety of considering a record filed after the time allowed by law. The discretion vested in the appellate court under such circumstances cannot be exercised by the trial court. Clampitt v. State, 96 Tex. Crim. Rep. 148, 256 S. W. 272; George v. State, 25 Tex. Crim. App. 229; Stanford v. State, 42 Tex. Crim. Rep. 343, 60 S. W. 253; Carpenter v. State, 83 Tex. Crim. Rep. 87, 201 S. W. 996. Many other authorities will be found collated in cases to which reference is made.

Appellant's motion for rehearing is overruled.

*Overruled.*