R. N. GILLEY v. THE STATE.

No. 12139.   Delivered October 24, 1928.
Rehearing granted January 9, 1929.
Rehearing denied State February 20, 1929.

The opinion states the case.

*Shelton & Shelton* of Austin for appellant.

*Clyde Grissom,* District Attorney Haskell County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for two years.

No statement of facts appears in the record. Four bills of exception complaining of the admission of certain testimony are brought forward. In the absence of a statement of facts we are unable to appraise these bills.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—On a former day of the term the judgment was affirmed, it being stated in the opinion that the bills of exception could not be appraised in the absence of a statement of facts. Appellant now claims, and presents affidavits in support thereof, that he was deprived of a statement of facts without fault on his part. The motion for new trial was overruled on the 18th day of May at which time eighty days were granted in which to file statement of facts and bills of exception. This time expired on the 6th day of August. The attorney who represented appellant on the trial did not

further participate in the case after the motion for new trial had been overruled. It appears that appellant was seeking to secure the aid of other attorneys and was doing what he could himself toward preparing his case for appeal. About the first of July appellant informed the trial judge that appellant thought it would be necessary for him to file a pauper's affidavit in order to get his statement of facts as he thought he would be unable to raise the money to pay the Court Reporter for making one. At this time appellant and the judge had some conversation as to whether appellant would be entitled to a statement of facts upon filing a pauper's affidavit, the judge advising appellant that he (the judge) was not aware of any opinion of this court on the subject since the revision of the criminal statutes in 1925. Some change was made by that revision, which now appears in Subdivision 6, Art. 760, C. C. P. The first sentence of said subdivision provides:

"When any felony case is appealed and the defendant is not able to pay for a transcript of the testimony or give security therefor, he may make affidavit of such fact, and upon the making of such affidavit, the court shall order the official court reporter to make a narrative statement of facts and deliver it to such defendant."

The last sentence provides for compensation to the court reporter for such services to be paid by the state.

The statute in question had been construed by this court in Ballinger v. State, 8 S. W. (2d) 159, in an opinion which was delivered on the 13th day of June. However, the motion for rehearing was not acted on until the 28th day of June and the case had not yet been reported in the advance publications at the time of the conversation between appellant and the trial judge, hence the judge had no opportunity to be advised of the decision. The judge at the time suggested to appellant that he take the matter up with his attorney and have said attorney communicate with the judge if appellant decided to make the affidavit. On the 12th day of July appellant procured an attorney at Munday, Texas, to prepare said affidavit, which in all respects complied with the requirements of said Art. 760. This affidavit was mailed by said attorney to the clerk of the District Court at Haskell, accompanied by a letter requesting the Clerk to file it and call it to the judge's attention. The affidavit was received by the Clerk and filed on the 13th day of July and, as requested, she called the judge's attention to the affidavit. It further appears that at this time court was not in session in Haskell County and the Court Reporter, who had taken the testimony on the trial, was away

with his family on an automobile trip. His whereabouts was unknown to the judge. The order to the Court Reporter to make a narrative statement of facts was not entered—whether because of the absence of the reporter or whether because the judge was doubtful of appellant being entitled to the order does not appear. The Clerk does not undertake to state the exact date upon which she called the judge's attention to the affidavit and the judge says it was some time late in the month of July. However, this seems immaterial in the present instance. In this character of case the evidence is usually short and few witnesses are used. If the order had been entered and the reporter had been available the statement of facts could in all likelihood have been made before the eighty days expired on the 6th day of August. Appellant was not responsible for the absence of the reporter nor for the omission of the order. The Court Reporter did not return until the 18th day of August, on which date appellant's attorney in person again called the judge's attention to the affidavit. Presumably the order for the statement of facts was not made then because the time for filing had expired. If the order had been made for the statement of facts and it had been obtained and filed by appellant even after the time granted had expired, he could have brought himself before this court under the provisions of Art. 2245, R. C. S., which authorizes the appellate court under certain circumstances to consider a statement of facts though there has been delay in filing it. Chisholm et al. v. State, 1 S. W. (2d) 613, and authorities therein cited. As it is appellant finds himself here without any statement of facts through no fault which deprives him of the right to demand it. For this reason the judgment of affirmance must be set aside and the judgment of the trial court be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for a rehearing on the ground that the pauper's affidavit made by appellant herein, was made before his attorney acting as a notary public, and attention is called to authorities holding that affidavits in certain cases, when made before interested attorneys, will be held invalid. Contra, appellant's attorney files a vigorous reply citing numerous cases by our Courts of Civil Appeals and others, holding that an attorney who is also a notary public, may not administer the oath to his client in making an affidavit involving some judicial or quasi judicial act of

attorney, but he may take same when the act is purely ministerial. We have serious doubt as to whether such holdings are in accord with the holdings of this court, and whether same take into account a construction of Art. 713 C. C. P., forbidding attorneys to testify to privileged communications. However, in the instant case we prefer to base our decision of the point under discussion, on different grounds. Affidavits pro and con, made subsequent to the filing in this court of this record, appear here, and have been considered by us in determining whether appellant has been deprived of his statement of facts. Among them we find one made by Hon. J. S. Kendall who swore appellant to the pauper's affidavit in question,— from which affidavit we infer that Mr. Kendall was not an attorney of record in this case, but was employed to prepare and file this affidavit. It seems that there were some negotiations looking to getting Mr. Kendall to assist in the further appeal of the case, but same were abandoned. Whether he was such attorney as might affect his right to take the affidavit in question, seems in doubt, but we observe that no question of his right to act was raised when the affidavit was filed or brought to the attention of the trial judge, appellant then still having time to procure another affidavit and might have had his statement of facts filed within the time allowed by statute. One desirous of having the correctness of his trial reviewed on appeal should have the prompt and willing assistance of all officials who have duties in connection with the preparation of the record in such case, and if there be doubt as to the exact attitude of any step in such preparation for appeal, we deem it should be resolved in favor of the accused. This appellant seems to have acted with promptness and diligence in trying to get his statement of facts approved and before this court. We are unwilling to concede that he should be deprived of same when there is a doubt as to the technical point now raised by the State.

The State's motion for rehearing will be overruled.

*Overruled.*