WALTER BANKS v. THE STATE.

No. 13036. Delivered November 6, 1929.
Reported in 21 S. W. (2d) 517.

The opinion states the case.

*G. A. Walters* of San Saba, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for hog theft; punishment, two years in the penitentiary.

We find in this record no statement of facts, and appellant contends that he has been deprived of same without fault or negligence on his part. It seems plain from the provisions of sub-div. 6, Art. 760, 1925, C. C. P., that if one convicted of a felony appeals and makes proper affidavit that he is not able to pay for a transcript of

the testimony, or to give security for payment therefor, and such affidavit is brought to the attention of the trial court, it then becomes the duty of said court to order the official court reporter to make a narrative statement of the facts and deliver it to the accused. Such affidavit was made in this case and presented to the trial court who refused to make the order mentioned on the ground that in his opinion the accused having been able to employ eminent counsel, and also to give a $2500.00 appeal bond, and further that there was no time or opportunity to give the official court reporter notice of the filing of such affidavit in order that he might contest it if he so desired, and also for the further reason that the affidavit was not presented in due time,—appellant was not entitled to such order.

It is shown satisfactorily that counsel who represented appellant was not paid counsel. The fact that one is able to make an appeal bond, is not strongly persuasive of the fact that he can borrow money or give security for a financial obligation. The guarantee of personal appearance at a given time and place is not to be confounded with a guarantee for the payment of money. Upon the other ground of the denial we observe that under the stenographers' act of 1905 the reasonableness of the application for a statement of facts without pay by the accused, was for the trial court, but no such provision appears in the present statute, which provides against the presentation of untrue and ill-founded affidavits by making the falsity of such affidavits grounds for prosecution for perjury. If the making of the affidavit had been so delayed as that the order thereon could not have been effective for the purpose intended, we would not hold the refusal of the request erroneous, but it here appears that the statement of facts in question had been made by the court reporter and was in the express office in San Saba, the place where same should be filed, at the time the court refused to make said order. If same had been promptly made it could have been complied with and the statement of facts filed in time. No facts are cited in the order showing lack of diligence, nor is there any other contest of due diligence on the part of appellant. The affidavit is in correct form. We are constrained to hold the reasons stated for refusal of the order under the facts, not such as would justify same. Being of opinion that the accused has been deprived of his statement of facts without fault or negligence on his part, the judgment must be reversed. Gilley v. State, 13 S. W. (2d) 706; Ballinger v. State, 8 S. W. (2d) 159.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*