## C. E. BOLT v. THE STATE.

No. 13967. Delivered December 17, 1930.
Rehearing denied February 4, 1931.
Reported in 34 S. W. (2d) 880.

162

 

The opinion states the case.

*Jas. A. Stephens* of Benjamin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

No statement of facts is found in the record. It appears from an affidavit filed by appellant's counsel that on the day appellant was convicted he requested the court reporter to prepare a statement of facts; that he also wrote two letters to the reporter within the time for filing the statement of facts, requesting him to prepare said instrument; that within a few days before the time for filing he requested the court to require the reporter to prepare a statement of facts; that he did not receive the statement of facts until after the time for filing had expired; that he did not prepare any bills of exception, inasmuch as said bills could not have been considered without the statement of facts. The affidavit of the court reporter is to the effect that he mailed the statement of facts to appellant's counsel on the 12th day of September, 1930, which was approximately five days before the time for filing had expired; that the court approved said statement of facts before he mailed it to appellant's counsel. It appears that appellant gave notice of appeal on June 17, 1930. The court granted him 90 days within which to prepare and file statement of facts and bills of exception. The affidavit of the district judge is to the effect that the statement of facts was mailed to appellant's counsel approximately a week before the time for filing expired.

It is observed that appellant's affidavit fails to state the date the statement of facts was received by him. The averment that

said statement was not received in time for filing is a conclusion. The statement of facts was not filed after it had been received. Considering the affidavit of appellant's counsel and the controverting affidavits, we are unable to reach the conclusion that appellant is entitled to reversal on the ground that he has been deprived of a statement of facts.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In connection with appellant's motion for rehearing other affidavits regarding the statement of facts have been filed with certain exhibits attached. Waiving the disputed question as to when request was made to the official court reporter to prepare a statement of facts, we find the affidavits and exhibits now before us present the following situation. The court reporter prepared the statement of facts and certified to it on the 12th day of September, 1930. It was signed by the district attorney and approved by the trial judge the same date. It was placed in the mail addressed to appellant's attorney. It appears that the postage was insufficient and it was held by the post office on that account and appellant's attorney notified of the additional postage required. The time allowed by the court for filing the statement of facts expired on the 15th day of September. If the statement of facts had not been held for additional postage and had been forwarded to appellant's counsel in due course of mail it would have been received by him in time to have been filed before September 15th. The delay on account of the demand for additional postage brought it to the hands of appellant's counsel after the 15th of September. Knowing that the clerk would not postdate the filing of the statement of facts appellant's counsel seems to have concluded it was useless to present it for filing at all. The proper procedure under the circumstances would have been to have presented it to the clerk with a request that he place his file mark thereon showing the date that it was actually presented, then bring the matter to this court with a showing of the facts with a request that notwithstanding the delayed filing that it receive consideration. See Art. 2245, R. C. B. (1925) ; George v. State, 25 Tex. Cr. R. 229, 8 S. W.

25; Clampitt v. State, 96 Tex. Cr. R. 148, 256 S. W. 272; Walker v. State, 99 Tex. Cr. R. 455, 270 S. W. 169; Gilley v. State, 112 Tex. Cr. R. 9, 13 S. W. (2d) 706. However, the statement of facts is now before the court and under the circumstances will receive consideration.

The sheriff had been notified that there was some whisky hidden at a certain place not far from the business section of the city of Monday. He went to the place and found a half-gallon jug which he examined and found it contained whisky. He replaced the whisky where he found it, secreted himself at a point seventeen feet from the whisky, and awaited developments. This was at night. Shortly afterwards he saw appellant coming from the direction of the business section of the city. He came to the point where the whisky was and stopped. Up to this point there is no conflict in the testimony. The sheriff's version of the matter from there on is that when appellant got to where the whisky was he took from under his coat a container which he placed on a rock and poured into it from the half-gallon jug some whisky, left the half-gallon jug and went back towards town with the container into which he had poured the whisky. The sheriff says he got the half-gallon container and followed appellant, thinking perhaps he intended making a delivery to someone of the whisky which he had carried away. The sheriff finally lost sight of appellant but later says he thought he saw him get in a car and drive away. He filed a complaint against appellant the next morning who was arrested a day or two later. Appellant's version of the matter is that he had started home and accidentally ran across the half-gallon jug of whisky without any previous knowledge of its presence; that it did not belong to him but having discovered it he took a drink out of the half-gallon jug and placed it back where he found it. For some reason which he did not recall he changed his mind about going home and went back to the business district of the town. He denied that he poured any whisky in a container, or took any container to the point with him or took any whisky from that point other than the drink which he had taken from the half-gallon jug. This made a sharp issue of fact which the jury has decided in favor of the State. Under the circumstances this court would not be authorized to disturb the verdict of the jury.

Having considered the statement of facts as fully as though it had been filed within the time allowed, and finding nothing which

would authorize the disturbance of the original judgment of affirmance, the motion for rehearing is overruled.

*Overruled.*