# JUNE 12, 1935

## J. R. LEWTER v. THE STATE.

No. 17547.   Delivered April 24, 1935.
Rehearing Denied June 12, 1935.

The opinion states the case.

*Levi Pressly* and *John Morison,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, ten years in the penitentiary.

The record is here without any statment of facts or bills of exception.   All matters of procedure appear regular.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant undertakes to excuse him-

self for failure to have statement of facts in the record by affidavits attached to his motion for rehearing. It appears to be an effort to put himself in position to invoke the rule demanding a reversal where appellant has been deprived of a statement of facts without fault on his part. The substance of the affidavits is that appellant paid the court reporter to prepare the statement of facts, which was delivered by the reporter to the attorney who had been employed by a friend to represent appellant, and that said attorney lost or mislaid the statement of facts. Such showing does not bring appellant within the rule sought to be invoked. Before a judgment will be reversed because of an absence of a statement of facts it must be made to appear that appellant has been deprived thereof without fault or negligence of himself or *his counsel.* Branch's Ann. Texas P. C., 305, Sec. 597. Texas jurisprudence, Vol. 4, p. 450, Sec. 312, 313, 314. Cases are cited under the texts in both authorities referred to. See also Clampitt v. State, 96 Texas Crim. Rep., 148, 256 S. W., 272; Vickers v. State, 90 Texas Crim. Rep., 609, 236 S. W., 483. It appears from the showing here made that appellant used proper diligence to secure preparation of the statement of facts and it is to be regretted that through the carelessness or negligence of his attorney he is deprived of the benefit thereof. This court could scarcely be expected to commit itself to the proposition that a judgment of conviction should be reversed because of the absence of a statement of facts occurring under the circumstances here shown.

The motion for rehearing is overruled.

*Overruled.*