EDDIE MILLER V. THE STATE.

No. 21377. Delivered March 5, 1941.

The opinion states the case.

*Walter E. Gates,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

This cause was reversed and remanded on the original hearing herein because of the use a second time of a previous conviction for the purpose of an enhancement of the penalty.

In this motion for a rehearing it is made to appear that the statement of facts and bills of exception herein were filed 103 days after the overruling of the motion for a new trial and notice of appeal in the lower court. This filing was too late. Art. 760, C. C. P. limits the maximum time within which bills of exception and statement of facts may be filed to 90 days after the date notice of appeal is given. See Moore v. State, 12 S. W. (2d) 805; Clark v. State, 4 S. W. (2d) 973; Crowder v. State, 9 S. W. (2d) 1042; McKneely v. State, 10 S. W. (2d) 544; Retza v. State, 95 Texas Cr. R. 491, 255 S. W. 423.

It is worthy of note that the trial judge's order granting time for the filing of bills of exceptions and statement of facts reads: "x x x and said defendant is granted 90 days from adjournment of this court to prepare and file bills of exception and statement of facts in said cause." The order of the county judge was valid only for the time of 90 days after the giving of notice of appeal, and not from the adjournment date of the court. In the case of Moore v. State, supra, we said:

"The statute (article 760, C. C. P. 1925) precludes the consideration of the bills of exceptions and statement of facts, for the reason that neither was filed within the time allowed by law. The order of the trial judge allowing 90 days after the adjournment of court within which to file the bills of exceptions and statement of facts would not be effective after the expiration of the 90 days from the date upon which notice of appeal was given. See article 760, note 44, Vernon's Texas C. C. P. 1925, vol. 3, p. 122; Chisholm et al. v. State, 108 Tex. Cr. R. 401, 1 S. W. (2d) 613; Williams v. State, 108 Tex. Cr. R. 124, 299 S. W. 258. The motion of the state to have the bills

of exceptions and statement of facts disregarded must be sustained."

It may be of benefit to again set forth what this court deems to be the meaning of Art. 760, C. C. P.

When an appeal is taken in any court, relative to a conviction for a misdemeanor, if the court term is not longer than eight weeks, the appellant has by virtue of such statute, and independent of any order of the couty judge, 30 days after *the adjournment of the term of court* in which to prepare, have approved and file a statement of facts and bills of exceptions. If further time is desired, the county judge has the power to grant same before the expiration of the original 30 days, but he can not grant a time that will expire *more than ninety days after the notice of appeal* was given. In other words, these documents must be filed before the expiration of ninety days after the notice of appeal was given, regardless of any further time the court may have attempted to grant.

If the term of court is longer than eight weeks, accused has thirty days after final judgment is rendered to file statement of facts and bills of exception, and this time may be extended by the court for good cause; but whether the thirty days granted by said statute begins to run from the day of adjournment or from the date of final judgment the court has no authority to extend the time beyond ninety days from the date notice of appeal was given, and any effort to grant additional time is beyond the power of the trial judge.

From this record we find that this notice of appeal was given on June 1, 1940, at which time the court granted the 90 days after adjournment in which to make up and file statement of facts and bills of exceptions. The court adjourned on June 15, 1940. We are furnished with affidavits showing that appellant's attorney prepared bills of exceptions on August 19, 1940, and statement of facts on August 22, 1940, and gave same to the county attorney for his approval, who promised to look over them. The affidavit then continues in saying that on several occasions appellant's attorney spoke to the county attorney relative to said bills and statement, who promised to get them out right away. On September 10th the appellant's attorney went to the county attorney's office and found that these bills had been mislaid or torn to such an extent that same were not usable, and he immediately went to his own office, and from office copies prepared other bills, and same were on that date approved by

the county attorney, and on the next day, September 12, 1940, same were approved by the county judge and ordered filed as of that date, which was done. This was 103 days after notice of appeal had been given, and 89 days after the adjournment of the term of court at which the trial was had. Evidently appellant was relying on the improper order entered by the county judge in attempting to give ninety days from the adjournment of court, which carried it beyond the ninety days from the notice of appeal.

It is to be regretted that such a mistake in the construction of this statute should have arisen, but the decisions are numerous, as well as the statute is plain, that the judge exceeded his statutory powers in thus granting more than 90 days from the date of the notice of appeal for the perfecting of this record.

It is but fair to the county attorney to state that we are also furnished with an affidavit from him in which he states that immediately upon being furnished with the original bills and statement of facts, that he wrote some corrections to the bills and also to the statement of facts, and then signed such statement of facts. This was sometime in the third week of August, which was well within the 90 day period, at which time the county attorney had agreed to the bills and signed the statement as corrected by him and the court reporter, which documents were then in the hands of appellant's attorney. The county attorney was not confronted by the corrected bills and statement until the 11th day of September, when he also agreed to such corrected instruments, they being the ones appearing in the record in this court.

As soon as appellant's attorney became convinced that his time was about to expire to procure the approval and filing of this record, it took him only a few hours to do so, and we can only say that it is regrettable that he did not earlier exercise such diligence. We fail to see where we could say that appellant was deprived of his record through no fault upon his part.

This matter was not called to our attention upon the original submission of this cause, and we have previously, in the original opinion, considered such statement of facts and bills of exceptions without noticing their late filing. We now withdraw the original opinion herein, and as the record is now presented to us, no error being shown therein, the judgment is therefore affirmed.