GERALD SMITH V. THE STATE.

No. 22160. Delivered June 10, 1942.
Rehearing Denied October 14, 1942.

530

The opinion states the case.

*V. M. Johnston,* of Palenstine, *McComb & Davis,* of Conroe, and *M. E. Gates,* of Huntsville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of five years.

The record in this case shows that appellant's motion for a new trial was overruled on the 20th day of December, 1941, to which ruling he then and there excepted and gave notice of appeal to this court. The record further shows that the statement of facts and bills of exception were not filed within the ninety days after notice of appeal was given as required by Article 760, C. C. P. Hence the same cannot be considered by this court. See Miller v. State, 148 S. W. (2d) 426.

Appellant complains of the court's action in overruling his second application for a continuance. We have examined the same and are of the opinion that the court's ruling thereon was eminently correct because the grounds stated in the application would have required a continuance of the case for an indefinite time.

We note that the court, in sentencing the appellant, failed to take note of the Indeterminate Sentence Law in that he sentenced appellant to serve not less than five nor more than five years. The sentence will be reformed in accordance with the Indeterminate Sentence Law so that the defendant will be required to serve not less than two nor more than five years' confinement in the State penitentiary.

As reformed, the judgment of the trial court will be affirmed.

'The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

For the reasons stated in the original opinion the matters set out in the motion for rehearing cannot be considered. There is some attempt made in said motion to overcome the difficulty and authorize this court to consider the statement of facts and bills of exception, but it is wholly insufficient to do so. It is sought to show that appellant's grandmother "had an arrangement with the court reporter and paid a part on the statement of facts" within forty days after the trial. It is not shown, however, in the proffered evidence on this allegation just when the statement of facts was delivered by the court reporter. No effort is made to show any further attempt to get a statement of facts or even that they were not actually received in time for filing, other than the allegation of the attorneys in the motion, which cannot be accepted as proof of the fact under the rules.

It is stated further that the attorneys were unable to prepare their bills of exception until the statement of facts was received. This, likewise, is only an allegation in the motion and would not be sufficient under any condition to authorize this court to grant the relief which is sought.

For the reasons stated in the original opinion the motion for rehearing is overruled.