A. G. Houseton v. The State.

No. 7802. Decided June 13, 1923.

Rehearing denied November 7, 1923.

1.—Manslaughter—Statement of Facts—Charge of Court.

In the absence of a statement of facts, objections to the court's charge cannot be considered on appeal.

2.—Same—Provoking Difficulty—Converse of Proposition.

Where appellant presented no exceptions to the charge of the court on provoking difficulty, and the converse of the proposition, his complaint thereto cannot be considered on appeal.

3.—Same—Rehearing—Statement of Facts.

There is some doubt in the court's mind as to whether the trial judge can legally extend the time for filing a statement of facts beyond the ninety days allowed by statute. However, without discussing this the trial

judge having refused to extend the time, and in the absence of any effort on the part of defendant's counsel to prepare a proper statement of facts in time, there is no reversible error; and if a rehearing were granted it could not avail the appellant, as the time for filing a statement of facts has long passed.

Appeal from the District Court of San Saba.    Tried below before the Honorable J. H. McLean.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Bell & Lawson* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for manslaughter with an assessed punishment of four years in the penitentiary.

No statement of facts appears in the record, and the only exceptions are to certain paragraphs of the charge.    In many instances the exceptions are qualified by a statement from the learned trial judge that he altered his charge to conform to the suggestions of counsel for appellant.

We find an exception to subdivisions five and six of the eighth paragraph of the charge on the ground, (a) that they are upon the weight of the evidence, (b) that the facts form no basis authorizing the court to submit them, and, (c) that they are misleading, for that the jury might conclude therefrom that in the opinion of the court the defendant by his own wrongful act produced a condition wherein it became necessary for his safety that he take the life of deceased.    It needs only to set out the objections to make it apparent that this court cannot appraise such exceptions in the absence of knowledge of what facts were in evidence.

It is argued both orally and by brief filed that the court having charged on provoking the difficulty should also have charged the converse.    Subdivision six of paragraph eight does present the converse.    No exception was taken to it further than as indicated above. If appellant was dissatisfied with the language of it he should have presented exceptions sufficiently specific to call the trial court's attention to his complaint, or have requested a special charge amplifying it if he thought it necessary to do so.    He did neither, and cannot be heard to complain at this late hour.    Articles 737a, 743 C. C. P.; Rodgers v. State, 93 Texas Crim. Rep., 1, 245 S. W. Rep., 697; Richardson v. State, 91 Texas Crim. Rep., 318, 239 S. W. Rep., 218; Littleton v. State, 91 Texas Crim. Rep., 205, 239 S. W. Rep., 202; Jordan v. State, 91 Texas Crim. Rep., 371, 238 S. W. Rep., 1113.

The judgment is affirmed.

*Affirmed.*

November 7, 1923.

LATTIMORE, Judge.—Appellant asks us to set aside the judgment of affirmance and grant him a rehearing upon the proposition that he has been deprived of a statement of facts without fault or negligence on his part. We regret we can not agree that the showing made by appellant frees him from any imputation of neglect. It is made to appear by statements in the motion that attorneys were employed to represent appellant in the trial court by friends of his. That after his conviction and when his motion for new trial was overruled appellant made a recognizance and went away to west Texas, depending upon the attorneys to perfect his appeal. That he came back about the 17th of February, 1923, and found that no steps had been taken to perfect said appeal, he employed other attorneys to represent him. The ninety days within which to file statement of facts lacked about two weeks of being terminated when said latter attorneys were employed. The motion for rehearing further shows that said attorneys were unable to find the court reporter who officiated upon the trial of appellant because he had removed to Oklahoma, and that they prepared and presented to the trial judge an application for an extension of time. There is serious doubt in our minds as to whether the trial judge can legally extend the time for filing of statement of facts beyond the ninety days allowed by statute in which to prepare and file papers in appeals in criminal cases in the Court of Criminal Appeals. Without discussing this, however, the learned trial judge refused the application to extend the time uon the ground that same contained no merit. Nothing appears in the record reflecting any effort on the part of appellant, his former or his later attorneys to prepare and have filed a statement of facts by agreement of counsel and prepared by them. While the law authorizes the preparation of statement of facts by the court reporter, this is not the only means and a statement of facts prepared by the attorneys and approved by the court would receive the same consideration at the hands of this court as the one prepared by the official court reporter. At no very distant date all statements of facts were prepared by the attorneys.

We regret that the showing made on behalf of appellant does not seem to us to justify the granting of a rehearing. If same were granted appellant is not now in a position to better himself. The time for filing a statement of facts in the court below and in this court has long past. We can not hold the appellant free from negligence in not making every effort in every way to comply with the

law requiring a statement of the facts upon which the trial was had accompany the record to this court.

The motion for rehearing will be overruled.

*Overruled.*