## IRVIN CRUMP V. THE STATE.

No. 10270.    Delivered June 23, 1926.

Rehearing denied October 27, 1926.

1.—**Transporting Intoxicating Liquor — Statement of Facts and Bills of Exception—Time of Filing.**

Statement of Facts and Bills of Exception, as provided by Sec. 5, Art. 760, C. C. P. of 1925, must be filed in the trial court not more than ninety days after the *notice of appeal* is given, or they cannot be considered on appeal. Under this plain provision of our statute, appellant's statement of facts and bills of exception cannot be considered, and the judgment is affirmed.

### ON REHEARING.

2.—**Same—No Error Presented.**

On rehearing, appellant's counsel present, that not being apprised of the change made in the time for filing statement of facts and bills of exception, in the revised Code of Criminal Procedure of 1925, that we should not have refused to consider the statement of facts in this case. The 1925 Code of Criminal Procedure became the law of this state on the first day of September, 1925, and the motion for rehearing is overruled.

Appeal from the District Court of Titus County.    Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*I. N. Williams* of Mt. Pleasant, for appellant.    On Search and Seizure, appellant·cites:

Jones v. State, 20 Tex. Crim. App. 672.

Greer v. State, 22 Tex. Crim. App. 588.

Halfin v. State, 5 Tex. Crim. App. 212.

Cottenham v. State, 1 Tex. Crim. App. 463.

16 Corpus Juris, Secs. 34-35-36.

6 Michie Crim. Digest, 197.

Wall v. State, 18 Tex. Crim. App. 682.

Mulkey v. State, 16 Tex. Crim. App. 53.

Ex Parte Wright, 199 S. W. 486.

Poye v. State, 230 S. W. 161.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is the unlawful transportation of intoxicating liquor, and the punishment is one year in the penitentiary.

The notice of appeal was given on the 22nd day of January, 1926, and the bills of exceptions and statement of facts were not filed until April 30, 1926, or more than 90 days thereafter.  We have repeatedly held that a statement of facts and bills of exceptions filed more than 90 days after the notice of appeal is given cannot be considered by this court.  In this ruling we are following the plain terms of the statutes.  Sec. 5, Art. 760, 1925 Revision C. C. P.

In the absence of a statement of facts and bills of exceptions there is no error manifest by this record, and the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's motion for rehearing is based entirely upon the proposition that because neither he nor

his attorney was aware of the change in time within which state-ments of facts must be filed, by the 1925 Revised Code of Criminal Procedure, that we should not have declined to consider the statement of facts in this case. The 1925 Code of Criminal Procedure became the law of this state on the first of September, 1925. We are not at liberty to go contrary to the positive commands of the statute because the revision was not in the hands of the appellant's attorney. However much we might regret the situation, our duty in the premises is plain. The statement of facts is filed too late, and the motion for rehearing will be overruled.

*Overruled.*