## W. R. WALKUP v. THE STATE.

No. 13034.   Delivered February 19, 1930.
Rehearing denied March 26, 1930.
Reported in 25 S. W. (2d) 864.

The opinion states the case.

*L. H. Taylor* of Clayton, N. M., *B. G. Puntney* of Amarillo, and *George Mendell, Jr.,* of Austin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is swindling, a felony; the punishment confinement in the penitentiary for two years.

Appellant secured a loan of four thousand dollars from the Midway Bank and Trust Company of Dalhart. He executed a mortgage on sixty head of cattle branded 6/., representing to the officer of the bank making the loan that the cattle belonged to him. Prior to making the loan, an agent of the bank went with appellant to New Mexico, where sixty head of cattle bearing the brand referred to were pointed out to him. It later developed that these cattle belonged to a Mr. Howell, and that he had not given appellant authority to mortgage them. Appellant testified that he had bought the cattle from a man by the name of Smith, receiving from him a bill of sale witnessed by one Guthrie in the presence of appellant's wife and children. The bill of sale was introduced in evidence. The state offered testimony tending to show that the bill of sale was fictitious. The cattle included in the mortgage were in the brand of Mr. Taylor and were running in a pasture belonging to Mr. Taylor five or six miles from appellant's home. The officer of the bank from whom appellant secured the loan testified that appellant admitted to him, after it had developed that the cattle in question belonged to Mr. Taylor, that he (appellant) did not own the cattle he had put up as security for the loan. We deem the evidence sufficient to support the conviction.

The term of court at which appellant was convicted adjourned June 12, 1929. No extension of time for filing bills of exception appears to have been granted. Hence appellant was entitled to thirty days after the expiration of the term within which to file his bills of exception. Art. 760, C. C. P.; McCloude v. State, 10 S. W. (2d) 85. The bills were filed on August 28, 1929, which was more than thirty days after the expiration of the trial term. The bills having been filed too late, we are compelled to sustain the motion of the state that said bills be not considered.

No error appearing, and the evidence being sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing and attaches thereto the affidavit of an attorney who says that he was present in court at the time notice of appeal herein was given, and that a request was made of the court to extend the time for filing statement of facts and bills of exception, and that the court then and there said, in substance, he would have ninety days in which to have statement of facts and bills of exception prepared and filed, and if that was not sufficient time to get them out the time could be extended. No statement is sought from the trial judge or the State's attorney, or any officer of the court below, nor is any effort made to show that at any time an application was made to the trial court for any extension of time within which to file bills of exception. The law regarding the filing of such bills is plain, and appellant's action regarding such filing should be based upon the statute and not upon any statement made by the trial court, if any. We regret that we can not accept the showing made as sufficient to justify us in considering the bills of exception that were filed practically thirty days after the expiration of the time allowed by law for such filing.

The motion for rehearing will be overruled.

*Overruled.*