## NAT HALL v. THE STATE.

No. 14287.   Delivered April 29, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*Mark Smith* and *G. Goodwin Sweatt,* both of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at confinement in the penitentiary for a period of forty years.

Nat Hall shot and killed Jake McGill. A few minutes prior to the homicide, the parties mentioned had engaged in a fight on the street. They were separated and McGill got into the automobile of the witness Burth and went to his abode. He and Burth resided in the same building, though not in the same room. After getting his pistol, appellant went to the room of Burth and from there to McGill's room. McGill opened the door and the appellant entered. Burth was nearby and soon heard the report of two pistol shots. He saw the deceased and the appellant struggling out into the hall. The appellant departed. McGill was taken to a hospital where he made a dying declaration in which he described the fight in the street and stated that both he and appellant had been drinking; that the fight began over a trivial matter. He said that after going to his room he heard the appellant talking to Burth and stating that he desired to see McGill. Burth advised the appellant to wait until the next day, but appellant demanded entrance to McGill's room. When the door was opened the appellant entered and said: "You didn't treat me right. I am going to kill you." He immediately drew his pistol and shot McGill. They clinched and McGill's undershirt was set on fire. There was testimony that at the time of the fight in the street the deceased said he would kill the appellant. This was controverted by bystanders.

In his testimony the appellant described the encounter in the street and claimed that without provocation he was knocked down by the deceased, who picked up a brick and said with an epithet that he was going to kill the appellant. After they were separated, the appellant got his pistol and went to the room of Burth and then to that of the deceased. The deceased unlocked the door and appellant inquired why he was struck by the deceased. The deceased immediately made a demonstration and said, "I will finish you." Appellant had his gun in his hand and fired. They were so close together that the deceased's undershirt was set on fire.

The statement of facts has been read and a summary of the testimony is given above. However, the court is without authority to give effect to the statement of facts as a legal document. The motion for new trial was overruled and notice of appeal given on the 29th day of November, 1930. Eighty days from that date were allowed within which to file the statement of facts and bills of exception. The statement of facts was filed with the clerk of the trial court on February 23, 1931, which was not within the time allowed, but was within ninety days from the date

of notice of appeal which, under article 760, subd. 5, C. C. P., would entitle the statement of facts to consideration upon the condition that it met the other statutory requiremens. One of the essentials to the consideration of the statement of facts is its approval and certification by the trial judge. See Rev. Civ. Stat., 1925, art. 2243; C. C. P., art. 760, subd. 2; Vernon's Ann. Tex. C. C. P., vol. 3, p. 103, note 24; Rosso v. State, 99 Texas Crim. Rep., 10; Gifford v. State, 101 Texas Crim. Rep., 7; Boles v. State, 102 Texas Crim. Rep., 634.

When the statement of facts was filed in this court on February 28, 1931, it did not bear the certificate of approval by the trial judge, and noticing this, the state's attorney returned the statement of facts to the district clerk on the possibility that the duplicate had been signed and approved. On the 16th of April, the statement of facts was returned to this court bearing the signatures of the attorneys and the certificate of approval by the trial judge. Accompanying it was an affidavit in which the following statement is made: "It having come to the attention of defendant's counsel only today that the statement of facts filed in this cause was not signed by the prosecuting attorney or by the trial judge, defendant, through his counsel, says that same was not due to any fault or neglect on his part, or the part of his counsel. Counsel for defendant says that the County Attorney and the trial judge are both willing that such statement of facts be now signed by them and were willing to sign the same at the time that they were filed. Counsel for defendant was ill at the time, and it was due to an oversight that the statement of facts was not signed."

The authority of this court to consider a statement of facts filed more than ninety days after the motion for new trial is overruled is conditioned upon the showing that the delay was not due to the lack of diligence upon the part of the appellant or his counsel. The absence of the authority by this court to consider as authentic the statement of facts found here is a subject of regret. Both statute and precedents forbid the consideration of the document as an authentic statement of facts.

At the time the statement of facts was filed with the district clerk without the approval of the trial judge, it was without legal effect. When it was subsequently filed with approval of the trial judge, the time allowed by statute for filing the statement of facts had expired. On the subject of diligence, it is not shown that prior to the time that he actually approved the statement of facts it was ever presented to the district judge. There is nothing brought forward in the affidavit excusing the delay which would warrant the consideration of the statement of facts by this court. The subject has been considered many times as is manifest from the precedents collated in Vernon's Ann. Tex. C. C. P., 1925, vol. 3, p. 132, note 55. See Shaddix v. State, 90 Texas Crim. Rep., 431; Vickers v. State, 90 Texas Crim. Rep., 609; Nothaf v. State, 91 Texas Crim.

Rep., 378, 23 A. L. R., 1374; Johnson v. State, 93 Texas Crim. Rep., 224; Riley v. State, 95 Texas Crim. Rep., 539; Houseton v. State, 95 Texas Crim. Rep., 596; Clampitt v. State, 96 Texas Crim. Rep., 148; Crump v. State, 105 Texas Crim. Rep., 209; Weaver v. State, 106 Texas Crim. Rep., 175; Williams v. State, 108 Texas Crim. Rep., 124; Walkup v. State, 114 Texas Crim. Rep., 151, 25 S. W. (2d) 864.

In defining the offense of murder the court used the language of the statute. See article 1257-a, Laws 40th Leg., Reg. Session, chap. 274, sec. 2. Malice and malice aforethought were also defined in an instruction given on the subject of murder such has been approved in numerous cases, among them, Davis v. State, 110 Texas Crim. Rep., 605, 10 S. W. (2d) 116.

In Bill No. 2 complaint is made of paragraph 11 of the court's charge giving the converse of the appellant's theory and stating the state's theory arising from the evidence on the subject of self-defense. We think the court was within the precedents. See Branch's Ann. Tex. P. C., p. 1088, sec. 1942, and cases there collated; also Garner v. State, 34 Texas Crim. Rep., 356; Logan v. State, 46 Texas Crim. Rep., 575; Neyland v. State, 79 Texas Crim. Rep., 652.

In the absense of the facts that were before the trial court, the reviewing court cannot appraise the charge given to the jury. Owing to the circumstances, we have been impelled to discuss the entire record in the present instance. From our investigation, however, we are led to the conclusion that the presence of the statement of facts would not affect the result of the appeal.

The judgment is affirmed.

*Affirmed.*

. ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We declined to consider the statement of facts because not approved by the trial judge. Appellant files a motion for rehearing signed by one of his counsel who affirms that he was ill "at the time," and did not know until after the record was filed in this court that the statement of facts was not approved by the trial judge.

The affidavit is very indefinite, and probably too general for consideration, but our attention is attracted by the fact that another attorney of experience and ability appears from the record to have been connected with the trial. His name is signed to the exceptions to the court's charge, also to a special charge which was refused, and it seems he appeared in the motion for new trial, and his name is attached to the bills of exception. There is no attempt by affidavit or otherwise to show any reason why this attorney did not see that the statement of facts was properly attested. The only question raised is that we should have considered the statement of facts.

The moion for rehearing will be overruled.

*Overruled.*