## JIM MITCHELL V. THE STATE.

No. 15297.  Delivered October 26, 1932.
Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 107.

The opinion states the case.

*R. G. Robertson,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully carrying a pistol; punishment, confinement in the county jail for ninety days.

There is no contention but that appellant when arrested for a violation of a traffic ordinance had in his possession a pistol. The statement of facts is entirely in question and answer form Chapter 34 of the Acts of the First Called Session of the 42nd Legislature, permits the preparation of statements of facts in question and answer form in civil cases, but by the terms of section 5 of said act it is especially provided that same is not intended to and shall not be construed as repealing, modifying, or amending article 760 of the Code of Criminal Procedure.  Section 7 of said act provides, in so many words, a change in subdivision one of said article 760, in reference to a statement of facts in criminal cases, and states as follows: "Provided that said statement of facts shall be in narrative form."  We cannot consider said statement of facts. We find in the record no bills of exception.  The proceedings appear in all things to be regular.

The judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing, appellant complains that we overlooked his defense, namely, his contention that he was a traveler, and did not therefore violate the law in carrying a pistol.

In the original opinion it was pointed out that the purported statement of facts was in such condition that this court is not authorized to consider it; that is to say, it is entirely in question and answer form. The statute demands that it be in narrative form. See article 760, C. C. P., 1925; also, chapter 34, Acts of 42nd Legislature, First Called Session. In the condition in which the record is found, this court has no official knowledge of the facts, and consequently must assume that the evidence is sufficient to support the verdict.

The motion is overruled.

*Overruled.*