## PORTER ROSS v. THE STATE.

No. 16818.  Delivered June 13, 1934.
Rehearing Denied October 10, 1934.
Reported in 74 S. W. (2d) 1005.

The opinion states the case.

*Joe L. Hill, Jr.,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

On the 21st of September, 1933, Allen Chapman's barn was burglarized and a quantity of "Kasch" cotton taken therefrom.

The day after the burglary the cotton was found in appellant's cotton house and identified by Chapman. Appellant's cotton house was locked. In opening the house for the searching parties, appellant stated that he had the only key to said house. The proof on the part of the State showed that tracks led from a point near the burglarized house in the direction of appellant's cotton house. Appellant's testimony raised the issue of an alibi; and, further, gave support to the theory that two other men had committed the burglary without appellant's participation therein and placed the cotton in appellant's house.

The conflicting theories arising from the testimony were for settlement by the jury. We are constrained to hold the evidence sufficient.

The term of court at which appellant was convicted adjourned January 13, 1934. No extension of the time for filing bills of exception appears in the record. Hence appellant was entitled to thirty days after the day of adjournment in which to file his bills of exception. Article 760, C. C. P.; Walkup v. State, 25 S. W. (2d) 864. The bills were filed March 5, 1934, which was more than thirty days after the date of adjournment, and too late to be considered. Walkup v. State, supra.

No error appearing, and the evidence being sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, PRESIDING JUDGE.—In his motion for rehearing the appellant questions the sufficiency of the evidence to support the verdict. We have carefully read the testimony as set forth in the statement of facts, which contains about 100 pages of typewritten matter, much of which cannot be considered for the reason that it is in question and answer form, which is obnoxious to the statutory provision contained in article 760, C. C. P., as amended by the Acts of the 42nd Legislature, 1931 First Called Session, ch. 34. See Mitchell v. State, 54 S. W. (2d) 107. A reading of the document leaves in the mind of the court no question but that there was sufficient evidence to support the conviction.

The issues were submitted to the jury under the law of circumstantial evidence in an adequate charge.

Briefly, the facts are as follows: Allen Chapman was using a certain barn for the purpose of storing cotton, and he had

therein something like 1700 or 1800 pounds of seed cotton which was of a peculiar class of cotton known as "Kasch Cotton," which, according to the evidence, was distinguishable from cotton of other kinds. The barn in which the cotton was stored was broken open and a large portion of the cotton removed. After following certain tracks, the barn under the control of the appellant was examined. In it was found the stolen cotton which, according to the evidence, was identified by the peculiarity mentioned, which differentiated it from the cotton belonging to the appellant. The identification was also made by certain strings used in closing the sacks. There was evidence that appellant offered to pay for the cotton soon after it was discovered. He disclaimed having stolen the cotton and claimed that another party had done so and that he wanted to settle the matter without publicity. It appears that there were other parties involved in the transaction and that at least one of them had entered a plea of guilty. As stated above, there are many circumstances contained in the record, but due to the condition in which the evidence is found, further discussion is not deemed profitable or desirable. Suffice it to say that we are not prepared to hold that the verdict is not supported by the evidence.

The motion for rehearing is overruled.

*Overruled.*