## O. R. BEATY V. THE STATE.

No. 10124. Delivered November 17, 1926.

Rehearing granted December 22, 1926.

**1.—Burglary—Bill of Exception—Filed Too Late—Not Considered.**

Under Art. 760 C. C. P. of 1925 the trial court is without authority to extend the time in which a bill of exception may be filed beyond the time fixed by the statute, which is not more than ninety days after notice of appeal is given. Appellant's bill of exception number one, having been filed too late, cannot be considered. Following Robertson v. State, 97 Tex. Crim. Rep. 92; Bailey v. State, 282 S. W. 804; Johnson v. State, 283 S. W. 807.

ON REHEARING.

**2.—Same—Continuance—Erroneously Refused.**

On rehearing, appellant having shown that his failure to file within the proper time, his bill of exception complaining of the court's refusal to grant him a continuance, same will be considered. It appearing from said bill that the witnesses whose absence was set out as grounds for a continuance were very material to the defense, and that appellant had used due diligence to secure their attendance, the trial court erred in refusing his continuance, and refusing him a new trial, and the motion for rehearing is granted, and the cause is reversed and remanded.

Appeal from the District Court of Hunt County. Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction of burglary, penalty three years in the state penitentiary.

The opinion states the case.

*G. H. Crane* of Dallas, for Appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appeal is from a conviction of burglary with punishment of three years in the penitentiary.

By bill of exception number one appellant complains because his application for continuance was denied. The motion for new trial was overruled on the 24th day of November, at which time notice of appeal was given. The term of court expired on the 28th day of November. The court undertook to extend the time for filing bills of exception ninety days after adjournment. Under the provisions of the 1925 revision, C. C. P., Art. 760, the court was without authority to extend the time beyond ninety days from the date of notice of appeal. Under the former statute when the time could be extended to ninety days from

adjournment it was held that a further extension was not authorized. Robertson v. State, 97 Tex. Crim. Rep. 92, 260 S. W. 578. In this case ninety days from notice of appeal expired on the 22nd day of February. The bill complaining of the refusal of continuance although approved by the trial judge on the 15th day of February, was not filed until the 25th day of the same month. We cannot review the question presented in this bill on account of the delay in filing. Bailey v. State, 282 S. W. 804; Johnson v. State, Tex. Crim. Rep., 283 S. W. 807.

The question presented in bill number two is not briefed. However, we have examined it and think it presents no error.

Bills three and four appear to have no place in the record. They were not approved by the court, but were expressly refused for the stated reason that no objection was made to the admission of the evidence attempted to be complained of in said bills.

All other bills present in various ways appellant's contention that there is not sufficient evidence to corroborate the accomplice witness, Elkins. It was established by evidence independent of the accomplice witness that a burglary was committed on the night of the 17th of April of a store belonging to B. B. Rabb at Lone Oak, in Hunt County, and that at the same time an unsuccessful effort had been made to break open the safe in the store. A sledge hammer was found in the store having the name of the "Katy" railroad on it. Quite a quantity of merchandise was taken, consisting of hats, shoes, neckties, dress material and dresses and shirts. About ten days or two weeks afterwards Rabb found some of this merchandise in the detective department of the City of Dallas, and identified it. Appellant at that time was in possession of a hat and shirt which Rabb identified. The hats taken from the store had Rabb's name on the sweatband. The hat found in appellant's possession had a block cut out of the band at a place corresponding to the location of Rabb's name on the band. Rabb also found in the detective department some shirt boxes with his cost mark on them and the shirts and dress material corresponded with those which he had missed.

Appellant's brother (Dewey Beaty) and the witness, Elkins, rented an automobile from one Cooper the day of the burglary, which car they took out of Cooper's place about eight-thirty or nine o'clock at night. Cooper does not know what time the car came in as he had gone off duty when it was returned that night, but later he received from Dewey Beaty two shirts, a hat, some neckties and socks. These articles were turned over to the detective department at the city hall in Dallas and were claimed

by Rabb as his property. Detectives also found at the residence of Dewey Beaty some dress goods, and also some four or five shirts and some neckties which were turned into the detective department and later delivered to Mr. Rabb. As a result of the investigation made by the officers Dewey Beaty, one Shorty Waller, John Elkins and appellant were arrested and placed in jail in Hunt County. Waller and the two Beatys all had on hats corresponding with those which had been taken from Rabb's store and all having Rabb's name cut out of the sweatband. When arrested Waller was wearing a pair of shoes which were identified by Rabb as belonging to him. Appellant did not testify, but introduced as a witness one Reisbeck who testified that on one occasion he was in the cafe in Dallas where appellant worked and one evening saw appellant receive from his brother (Dewey Beaty) a package which contained some shirts, a hat and neckties and at the same time saw the exchange of a bill of some denomination between them. This seems to be an effort in a most general way to show that appellant received from his brother the goods afterwards found in appellant's possession and identified by Mr. Rabb. Appellant introduced some evidence tending to show that at the time of the burglary he was in the city of Dallas, but this evidence on the question of alibi is far from satisfactory. After Reisbeck had testified as heretofore indicated he was recalled by the state and testified that he was a patient in a hospital in Dallas and that appellant endeavored to get him to testify that he (appellant) was with witness at the hospital on the night of the burglary; this witness declined to do. Elkins makes out a complete case against appellant and connects up the property found in appellant's possession with that taken from Rabb's store on the night of the burglary. Elkins' story is that he and Dewey Beaty rented the automobile in which the trip from Dallas to Lone Oak was made and that after he and Dewey Beaty left the garage with the car they picked up Waller and appellant; that they got a sledge hammer out of the section house on the railroad for the purpose of knocking the knob off the safe; that after they pried the doors open all four of them went in and made an unsuccessful effort to open the safe; that quite a quantity of goods was taken out of the store, including hats, shoes, shirts, and other articles enumerated by Mr. Rabb, and that this was carried back to Dallas and left in a certain garage at the direction of appellant and his brother; that later these goods were taken to Dewey Beaty's house and divided into four parcels, one of which was for appellant; that appellant was not present at the time this division was made;

that witness did not see appellant get his parcel, nor see them delivered to him, but later did see him wearing some of the articles and that at the time appellant was arrested he had on one of the hats which came out of the burglarized store.

We are of opinion the accomplice witness was sufficiently corroborated.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—From the showing made by appellant in connection with his motion for rehearing we are convinced that bill of exception number one complaining of the court's refusal to grant his continuance should be considered. The delay in filing it appears to have been without fault on the part of counsel or appellant and without negligence on the part of either of them.

Continuance was sought on account of the absence of three witnesses, Bender, Williams, and Mrs. W. D. Beaty. It is doubtful if the application as it relates to Williams shows diligence. It seems to be sufficient in this regard as to the other witnesses.

The case was made out against appellant chiefly through the witness Elkins, a confessed accomplice. The only other evidence which tended to connect appellant with the burglary in Hunt County was the fact that several days after it was committed he was found in the city of Dallas in possession of a hat and some shirts which were identified as being part of the goods stolen from the burglarized house. Upon the trial appellant undertook to establish an alibi, claiming he was in Dallas on the night of the burglary, and also attempted to show that he had purchased the articles of clothing found in his possession from his brother, W. D. (Dewey) Beaty, who (according to Elkins) had also participated in the burglary. The absent testimony was unquestionably material upon both issues.

If the importance of the testimony was not perceived when the application was presented, it became clearly apparent in view of the facts developed upon the trial. The court was in error in not granting appellant a new trial in order that he might obtain the absent testimony.

The motion for rehearing is granted, the judgment of affirmance is set aside and the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*