## GEORGE HOLLAND V. STATE.

No. 24041. January 5, 1940.

Hon. Daniel A. Blair, Judge Presiding.

*W. J. Durham,* of Dallas, and *Dillard, Cook & Dillard,* of Lubbock, for appellant.

*Lloyd Croslin,* District Attorney, and *E. G. Pharr,* Assistant District Attorney, both of Lubbock, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for murder, with the death penalty assessed:

The body of deceased (the sheriff of the county) was found lying on the ground on a vacant lot in what is known as the "Flats," in Ralls, Crosby County, by the undertaker. Five bullet wounds were on the body: three in the head, one through the shoulder and chest, and one on the index finger of the left hand. The time the body was found is not fixed, further than as on the 2d day of August, 1947.

Deceased was last seen alive by the witness James, who operated a filling station located about a quarter of a mile east of the residence of appellant. James testified that deceased drove to his filling station about 9:15 p. m., August 2, 1947, and "left his car parked on the other side of the lot behind the building and walked off."

Lewis Flowers operated a cafe in the "Flats" and lived in a house south of the cafe. About eleven o'clock on the night of August 2, 1947, Flowers was in the cafe and heard a shot. He ran out to the porch, where he heard the report of and saw the flash of two other gun shots to the back or south of the cafe. Shortly thereafter, he saw appellant coming towards him from that direction, walking fast and holding his right hand up to his side. Flowers heard some one ask, "Is he shot?"—to which appellant replied, "No, come on." Appellant walked around the house to where his car was parked and drove away. The witness Flowers further testified:

"After the car had left I walked off of the porch, south of it to the house and by that time somebody had cranked up an automobile that was there in my yard, of the house where I live, and they turned on the lights and I *seen* a man. The lights pointed south. The automobile was headed south. The lights were pointed in the direction from which I had heard the shots and where I had seen the gun flashes and where I heard the shots. In those lights I *seen* a man, looked like the body of a man lying down in some weeds like south of my house. That was the same place where I had *saw* the gun flashes."

The body was that of deceased.

Witnesses who were visiting in the Flowers home at the time and nearby corroborated the fact of hearing some five or

six gun shots and seeing the flashes and seeing appellant come from the direction thereof, get into his car, and drive away. Some of those witnesses saw a "shiny" object in appellant's hand at the time. Appellant was some hours thereafter arrested at Amarillo, Texas.

Appellant did not testify as a witness, nor did he offer any affirmative defensive testimony. It is insisted that the evidence is insufficient to support the conviction. The case was submitted to the jury upon circumstantial evidence.

The rule of law relative to the sufficiency of circumstantial evidence to sustain a conviction is that it should appear not only that an offense, as charged, had been committed but there should also be proof, to a degree of certainty greater than a mere probability or strong suspicion, tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction, constituting the offense charged against him. Branch's P. C., Sec. 1877, p. 1042.

Here, the facts show that the deceased came to his death as a result of a foul assassination at night. Appellant, with some "shiny" object in his hand, was seen to rapidly leave the place where the body was found and the flashes of the gun had been seen, and to get into his car and drive away, under circumstances evidencing flight and guilty knowledge. There is no suggestion of an outstanding hypothesis of the guilt of another, or of the innocence of the appellant. While it is true that no direct motive is shown for the killing, such, however, is not required to sustain a conviction for murder.

The facts are deemed to be sufficient to warrant the jury's conclusion of guilt. Appellant's contention to the contrary is overruled.

Was appellant unlawfully deprived of his bills of exceptions?

The record affirmatively reflects that at the time notice of appeal was given, appellant made no request for an extension of the statutory time within which to file his bills of exception in the trial court.

Under the provisions of Art. 760, C. C. P., appellant had

thirty days within which to have approved and to file his bills of exception in the trial court.

Twenty-five days after the expiration of the thirty days mentioned, or fifty-five days after the date notice of appeal was given, appellant presented to the trial judge for approval his bills of exception. The time for filing bills of exception had, at that time, long expired.

The trial judge refused to approve the bills. His reason for doing so is shown by the following certificate, which is attached to each bill, viz.:

"It appearing to the Court that the Verdict of the Jury was received in open Court on September 16, 1947 and judgment rendered thereon, and it further appearing that an Amended Motion for New Trial was filed October 6, 1947, and said Amended Motion for New Trial was heard by the Court on December 4th and 5th, 1947 and said Amended Motion for New Trial was overruled on December 5th, 1947, said order of Court overruling same being as follows:

" 'No. 3183

" 'The State of Texas        In the 72nd District Court

vs.                         of

George Holland          Lubbock County, Texas

" 'JUDGMENT OVERRULING MOTION FOR NEW TRIAL

" 'On this the 5th day of December A. D. 1947 came on to be heard the motion of the defendant GEORGE HOLLAND to set aside the verdict and judgment herein rendered against him on the 16th day of September A. D. 1947, and to grant him a new trial in this cause; and the State being present in open Court by her District Attorney, and the defendant being present in Court in person and by his attorneys, and the Court having heard the motion, and the evidence thereon submitted by both the defendant and the State, is of the opinion that the same should be refused.

" 'It is therefore considered, ordered and adjudged by the Court that the said motion for a new trial herein be and the same is refused, and in all things overruled.

" 'Whereupon the defendant, GEORGE HOLLAND, in open Court excepted to such judgment and gave notice of an appeal herein

to the Court of Criminal Appeals of the State of Texas, which said notice is here now entered of record.

> " '/s/  DANIEL A. BLAIR
> Daniel A. Blair
> Judge Presiding'

"And it further appearing to the Court that this Bill of Exception No. 1 was for the first time presented to the Court for approval or disapproval on January 29, 1948 at 5 P.M., which time was fifty-five days after date of the Order overruling Motion for New Trial, there having been no extension of time requested by Defendant or granted by the Court within the 30 day statutory period for filing said Bill of Exception, and it further appearing that the Court has no power under the law to order said Bill filed.

"It is therefore the order of this Court that this Bill of Exception No. 1 be disallowed for the reason heretofore stated.

"Signed this the 29th day of January, 1948.

> (Signed) "Daniel A. Blair
> Judge Presiding"

It is apparent that the trial court's refusal to approve the bills of exception was based solely upon the legal proposition that he did not have the "power under the law" to approve bills of exception presented to him after the expiration of the time allowed by statute for the filing of bills of exception in the trial court. There is an absence of any suggestion that the bills of exception were not correct or that the matters set forth in the bills did not, in fact, occur.

Art. 667, C. C. P. provides, in criminal cases, that the judge shall sign bills of exception under the rules prescribed in civil suits. Construing that statute in connection with Rule 372 of Civil Procedure promulgated by the Supreme Court of this State, we find that when a bill of exception is presented to a trial judge it becomes his duty to approve the bill if found to be correct, and if found to be incorrect to suggest to counsel wherein the bill is incorrect and if the corrections are agreed to, to make the corrections and sign the bill. If the suggested corrections are not agreed to, then the bill is to be refused and the trial judge is to prepare his own bill.

Such Rule 372 is, in the particulars mentioned, the same as that contained Art. 2237, R. C. S., 1925, as it existed prior

to its repeal in 1939 by the act of the Legislature conferring rule-making power in civil cases upon the Supreme Court of this State. Precedents established under the repealed Art. 2237, R. C. S. are presently authoritative under Rule 372.

It appears that under said Rule 372, a trial judge is authorized to refuse approval of a bill of exception only when it is incorrect. See 4 Tex. Jur., Sec. 187, p. 262. The right of a trial judge to refuse approval of a bill of exception because it is not presented to him within the time allowed for filing in the trial court has not been authorized. It follows that the trial court's refusal of the bills of exception in the instant case was unwarranted.

Conceding, then, that the trial court's refusal of the bills was unwarranted, the question remaining is whether or not this court would have been authorized to consider the bills of exception had they been approved rather than refused.

It has long been the established rule that an appellant may secure consideration by this court of his bills of exception not filed in the trial court within the time allowed by law, by showing that the delayed filing was not the result of or occasioned by his negligence or laches. George v. State, 25 Tex. App. 229, 8 S. W. 25; Stanford v. State, 42 Tex. Cr. R. 243, 60 S. W. 253; Beaty v. State, 105 Tex. Cr. R. 539, 289 S. W. 396; Davis v. State, 28 S. W. (2d) 794, 120 Tex. Cr. R. 114; Allen v. State, 65 S. W. (2d) 311, 124 Tex. Cr. R. 642.

Whether an appellant has brought himself within the rule stated is a matter addressed exclusively to the discretion of this court and is not to be exercised by, nor is it one for, the trial court. Chisholm v. State, 108 Tex. Cr. R. 401, 1 S. W. (2d) 613.

Consideration of bills of exception under such circumstances is founded upon the broad proposition that due administration of justice cannot be preserved by denying to an appellant consideration of his bills of exception because of circumstances and conditions over which he had no control or which were not brought about by himself.

Relying upon the rules stated, appellant brings before this court his refused bills of exception and accompanies these with affidavits showing that the delay in the preparation of the bills, the asking for an extension of the thirty-day statutory time within which to file bills of exception and the filing of the bills

of exception were occasioned by the illness of his attorney, who for a time was confined in a hospital—a part of that time in an unconscious condition.

Upon this showing, as well as the record as a whole, appellant contends (a) that he has been arbitrarily deprived of his bills of exception and (b) that, if not, he is entitled to have his bills of exception considered by this court.

The trial court's refusal of the bills of exception upon a ground and for reasons not authorized leaves only the question as to whether we can consider the bills of exception, notwithstanding such refusal.

This court has authority to consider bills of exception which have been refused approval by a trial court only when those bills are a part of or are presented in connection with bystanders' bills of exception. In other words, for a bill of exception to be considered by this court, it must bear the approval of the trial court or be attested by the affidavit of bystanders. 4 Tex. Jur., Secs. 186-190. This court must, of necessity, know that the matters set forth in the bills of exceptions, attested either by the trial judge or bystanders, actually and in fact occurred. A bill of exception not so attested is nothing more than a pleading, and furnishes no certified facts for this court's consideration.

The proffered bills of exception in this case, not being attested in either of the requirements mentioned, cannot in any event be considered by this court. Had the trial court approved the bills when presented, then this court could have determined whether the delay in filing was the fault of appellant. Not having done so, it would be immaterial whether the affidavits showed that the delay in filing was not the fault of the appellant.

From what has been said, it is apparent that the trial court's refusal of the bills of exception was unwarranted, thereby constituting a denial to appellant of his bills of exception. The unauthorized, unwarranted, and arbitrary denial to an appellant of his bills of exception constitutes, of and within itself, reversible error. Pierson v. State, 147 Tex. Cr. R. 15. 177 S. W. (2d) 975.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.