### James Lee Hughes v. State.

No. 24250. February 2, 1949.
Appeal Reinstated March 16, 1949.

*Anglin & Jones,* Longview, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant plead guilty in the County Court of Wood County to the offense of unlawfully transporting an illicit alcoholic beverage, to-wit: whisky, in a container to which no tax stamp was affixed showing the payment of such tax due the State of Texas, etc.

Appellant entered his plea of guilty thereto on May 4, 1948, in the county court of said county, and his fine was fixed at the sum of $400. A motion for a new trial appears in the record as filed on May 5, 1948, and a new trial is asked for because the verdict of guilty against him "is contrary to the law and evidence in the case."

On the 8th day of May, 1948, appellant entered into a recognizance in the sum of $750.

No notice of appeal appears in the record except a page evidently taken from the county judge's trial docket, the notation therein being as follows:

"5-7-48. Defendant's Motion for New Trial overruled. Defendant excepts and gives notice of appeal to Court of Criminal Appeals, Austin, Tex., and requests reasonable bond."

The record contains no minute nor order relative to such notice of appeal. The statute, Art. 827, C. C. P., provides that such notice shall be given in open court and entered of record. A notation on the trial docket is not a sufficient record of such notice. See Hollis v. State, 142 Tex. Cr. R. 36, 151 S. W. (2d) 597; Keys v. State, 141 Tex. Cr. R. 597, 150 S. W. (2d) 1021; Crozier v. State, 141 Tex. Cr. R. 407, 149 S. W. (2d) 108; Bailey v. State, 141 Tex. Cr. R. 303, 148 S. W. (2d) 851; Neloms v. State, 140 Tex. Cr. R. 547, 146 S. W. (2d) 389; Ross v. State, 148 Tex. Cr. R. 372, 187 S. W. (2d) 578; Ash v. State, 150 Tex. Cr. R. 436; 202 S. W. (2d) 849; Patton v. State, 150 Tex. Cr. R. 224; 203 S. W. (2d) 224; Gaston v. State, 151 Tex. Cr. R. 185; 206 S. W. (2d) 597; Wyatt v. State, 151 Tex. Cr. R. 451;

208 S. W. (2d) 646; Hopkins v. State, 151 Tex. Cr. R. 304; 207 S. W. (2d) 626, and cases cited.

No notice of appeal being shown, the appeal is dismissed.

KRUEGER, Judge.

At at former day of this term of court the appeal was dismissed because the transcript failed to show that notice of appeal had been entered of record as required by Art. 827, C. C. P. Appellant has filed a motion to reinstate the appeal, accompanied by a supplemental transcript, showing that he is entitled to have his appeal reinstated and the case considered on the question presented for review.

The only complaint presented by appellant relates to the court's action in declining to permit him to introduce evidence on the hearing of his motion for a new trial and the action of the court in depriving him of his bills of exceptions without any fault or negligence on his part. It is made to appear from the record that the court overruled his motion for a new trial on the 7th day of May, 1948, at which time appellant gave notice of appeal in open court to the court of criminal appeals. On the 27th day of May, appellant presented to the court his bills of exceptions for approval or disapproval. The court held the bills of exceptions until the 20th day of August, too late to be filed within the time required by law, notwithstanding appellant, at different times, urged the court to act thereon, either to approve them or disapprove them; and in case he disapproved them to prepare and file his own bills of exceptions.

It appears that on the 20th day of August, the court qualified the bills and as qualified approved the same and so informed appellant. This was entirely too late to file them within the time allowed by law. It will thus be noted that appellant was deprived of his bills of exceptions without fault or negligence on his part. In Vol. 4, Sec. 312, Tex. Jur., it is said, "* * * it must be made to appear that the appellant has been deprived of his statement or bills after the exercise of due diligence by him or in his behalf without fault on his part." See also Tex. Jur., Vol. 4, Sec. 187, page 262; Holland v. State, 216 S. W. (2d) 228; and Pierson v. State, 147 Tex. Cr. R. 15 (177 S. W. 2d 975).

It occurs to us that in the instant case appellant exercised that degree of diligence required of him by law to have his bills of exceptions either approved, qualified, or disapproved; and in the event the court disapproved the same, to have pre-

pared and filed bills of his own. Wherefore, we are of the opinion that appellant was unjustly deprived of his bills, and the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

Opinion approved by the Court.